1  Sheppard, Mullin, Richter & Hampton LLP
   John T. Brooks, #167793
2    jbrooks@sheppardmullin.com
   Thomas R. Proctor, #246919
3    tproctor@sheppardmullin.com
   501 West Broadway, 19th Floor
4  San Diego, CA 92101
   Telephone: (619) 338-6537
5  Facsimile: (619) 515-4105

6  McCormick, Barstow, Sheppard,
   Wayte & Carruth LLP
7  James P. Wagoner, #58553
     jim.wagoner@mccormickbarstow.com
8  Lejf E. Knutson, #234203
     lejf.knutson@mccormickbarstow.com
9  Patrick D. Hale, #327314
     patrick.hale@mccormickbarstow.com
10 7647 North Fresno Street
   Fresno, California 93720
11 Telephone:  (559) 433-1300
   Facsimile:  (559) 433-2300

12
   Attorneys for Defendant,
13 GEICO GENERAL INSURANCE
   COMPANY
14

15

16              UNITED STATES DISTRICT COURT

17      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

18

19 CAPITOL SPECIALTY INSURANCE      Case No.: 2:20-cv-00672
   CORPORATION,
20                                  [PROPOSED] STIPULATED
              Plaintiff,            PROTECTIVE ORDER
21
        v.
22
   GEICO GENERAL INSURANCE
23 COMPANY, and DOES 1-5,

24            Defendants.

25

26

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1.     A.     <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

    B.     <u>GOOD CAUSE STATEMENT</u>

The parties are already aware that this action is likely to involve confidential, private person individual employment records, and a Confidential Settlement Agreement for which special protection from public disclosure and from use for any purpose other than prosecution or defense of this action is warranted. Other information and documents may arise in this case that also warrant this protection. The parties seek a protective order for these documents and information to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable and necessary use of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice. The parties do not intend to use the designation permitted by this stipulation for tactical reasons or without a good faith belief that the documents and information so designated have been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

//

//

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

2

[PROPOSED] STIPULATED PROTECTIVE ORDER

C.    <u>ACKNOWLEDGEMENT OF PROCEDURE FOR FILING UNDER SEAL</u>

The parties further acknowledge, as set forth in Section 12.3, below, that this Order does not entitle them to file material designated CONFIDENTIAL under seal; Local Civil Rule 79-5 states the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    <u>DEFINITIONS</u>

2.1    <u>Action</u>: *Capitol Specialty Insurance Corporation v. Geico*, Case no.: 2:20-cv-00672.

2.2    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4    <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8    <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

2.9    Non-Party:  any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.10   Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.11   Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   Producing Party:  a Party or Non-Party that produces Disclosure of Discovery Material in this Action.

2.13   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

4

[PROPOSED] STIPULATED PROTECTIVE ORDER

4.    <u>INAPPLICABILITY TO INFORMATION DESIGNATED CONFIDENTIAL WHEN INTRODUCED OR USED AT TRIAL</u>

Once a case proceeds to trial, information designated CONFIDENTIAL or maintained pursuant to this Order which is used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this Order do not extend beyond the commencement of the trial for information designated CONFIDENTIAL or maintained pursuant to this Order that is used or introduced as an exhibit at trial.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1   <u>Exercise of Restraint and Care in Designating Material for Production</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expense and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it

1   designated for protection do not qualify for protection, that Designating Party must
2   promptly notify all other Parties that it is withdrawing the inapplicable designation.

3       5.2    Manner and Timing of Designations.   Except as otherwise provided in
4   this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise
5   stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
6   under this Order must be clearly so designated before the material is disclosed or
7   produced.

8       Designation in conformity with this Order requires:

9       (a)  for information in documentary form (e.g., paper or electronic documents,
10  but excluding transcripts of depositions or other pretrial or trial proceedings), that the
11  Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter
12  "CONFIDENTIAL legend"), to each page that contains protected material.  If only a
13  portion of the material on a page qualifies for protection, the Producing Party also
14  must clearly identify the protected portion(s) (e.g., by making appropriate markings
15  in the margins).

16      A Party or Non-Party that makes original documents available for inspection
17  need not designate them for protection until after the inspecting Party has indicated
18  which documents it would like copied and produced.  During the inspection and
19  before the designation, all of the material made available for inspection shall be
20  deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents
21  it wants copied and produced, the Producing Party must determine which documents,
22  or portions thereof, qualify for protection under this Order.  Then, before producing
23  the specified documents, the Producing Party must affix the "CONFIDENTIAL
24  legend" to each page that contains Protected Material.  If only a portion of the material
25  on a page qualifies for protection, the Producing Party also must clearly identify the
26  protected portion(s) (e.g., by making appropriate markings in the margins).

27      (b)  for testimony given in depositions that the Designating Party identifies all
28  protected testimony in the Disclosure or Discovery Material on the record, before the

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

6

[PROPOSED] STIPULATED PROTECTIVE ORDER

close of the deposition. The "close of the deposition" is defined as the time when the witness signs and submits corrections to their deposition testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate. An inadvertent failure to designate documents produced or deposition testimony as "CONFIDENTIAL" pursuant to this Order does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. However, the inadvertent failure to designate does waive the Designating Party's right to designate materials confidential under this Order unless the Designating Party does the following: First, informs all parties of the purported inadvertent failure to designate as "CONFIDENTIAL" the subject production of documents or deposition testimony; and, second, produces new copies of the documents bearing the CONFIDENTIAL designation and informs the court reporter and all parties of the deposition testimony to receive the CONFIDENTIAL designation. The Receiving Party will destroy the copies not bearing the CONFIDENTIAL designation and only use the newly designated copies.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time so long as it is consistent with the Court's Scheduling Order.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

6.3    Joint Stipulation. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

1

2  7.      ACCESS TO AND USE OF PROTECTED MATERIAL

3          7.1     Basic Principles.  A Receiving Party may use Protected Material that is

4  disclosed or produced by another Party or by a Non-Party in connection with this

5  Action only for prosecuting, defending or attempting to settle this Action.  Such

6  Protected Material may be disclosed only to the categories of persons and under the

7  conditions described in this Order.  When the Action has been terminated, a Receiving

8  Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

9          Protected Material must be stored and maintained by a Receiving Party at a

10 location and in a secure manner that ensures that access is limited to the person

11 authorized under this Order.

12         7.2     Disclosure of "CONFIDENTIAL" Information or Items.     Unless

13 otherwise ordered by the court or permitted in writing by the Designating Party, a

14 Receiving   Party   may   disclose   any   information   or   item   designated

15 "CONFIDENTIAL" only to:

16         (a) the Receiving Party's Outside Counsel of Record in this Action, as well as

17 employees of said Outside Counsel of Record to whom it is reasonably necessary to

18 disclose the information for this Action;

19         (b) the officers, directors, employees (including House Counsel), accountants,

20 auditors, regulators, insurers, reinsurers, and sureties of the Receiving Party to whom

21 disclosure about this Action is reasonably necessary;

22         (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure

23 is reasonably necessary for this Action and who have signed the "Acknowledgment

24 and Agreement to Be Bound" (Exhibit A);

25         (d) the court and its personnel;

26         (e) court reporters and their staff;

27         (f) professional jury or trial consultants, mock jurors, and Professional Vendors

28 to whom disclosure is reasonably necessary for this Action and who have signed the

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

8

[PROPOSED] STIPULATED PROTECTIVE ORDER

1  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

2      (g) the author or recipient of a document containing the information or a
3  custodian or other person who otherwise possessed or knew the information;

4      (h) during their depositions, witnesses, and attorneys for witnesses, in the
5  Action to whom disclosure is reasonably necessary provided: (1) the deposing party
6  requests that they sign the form attached as Exhibit A hereto; and (2) they will not be
7  permitted to keep any confidential information unless they sign the
8  "Acknowledgment and Agreement to Be Bounded" (Exhibit A), unless otherwise
9  agreed by the Designated Party or ordered by the court.  Pages of transcribed
10  deposition testimony or exhibits to depositions that reveal Protected Material may be
11  separately bound by the court reporter and may not be disclosed to anyone except as
12  permitted under this Order; and

13      (i) any mediator or settlement officer, and their supporting personnel, mutually
14  agreed upon by any of the parties engaged in settlement discussions.

15  8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED</u>
16      <u>IN OTHER LITIGATION</u>

17      If a party is served with a subpoena or a court order issued in other litigation
18  that seeks to compel disclosure of any information or items designated in this Action
19  as "CONFIDENTIAL," that party must:

20      (a) promptly notify in writing the Designating Party. Such notification shall
21  include a copy of the subpoena or court order;

22      (b) promptly notify in writing the party who caused the subpoena or order to
23  issue in the other litigation that some or all of the material covered by the subpoena
24  or order is subject to this Order; and

25      (c) cooperate with respect to all reasonable procedures sought to be pursued by
26  the Designating Party whose Protected Material may be affected.

27      If the Designating Party timely seeks a protective order, the Party served with
28  the subpoena or court order shall not produce any information designated in this action

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

9

[PROPOSED] STIPULATED PROTECTIVE ORDER

1  as "CONFIDENTIAL" before a determination by the court from which the subpoena
2  or order issued, unless the Party has obtained the Designating
3  Party's permission.   The Designating Party shall bear the burden and expense of
4  seeking protection in that court of its confidential material and nothing in these
5  provisions should be construed as authorizing or encouraging a Receiving Party in
6  this Action to disobey a lawful directive from another court.

7  9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
8       PRODUCED IN THIS LITIGATION

9       (a) The terms of this Order are applicable to information produced by a Non-
10 Party in this Action and designated as "CONFIDENTIAL."   Such information
11 produced by Non-Parties in connection with this litigation is protected by the
12 remedies and relief provided by this Order.   Nothing in these provisions should be
13 construed as prohibiting a Non-Party from seeking additional protections.

14      (b) In the event that a Party is required, by a valid discovery request, to produce
15 a Non-Party's confidential information in its possession, and the Party is subject to an
16 agreement with the Non-Party not to produce the Non-Party's confidential
17 information, then the Party shall:

18      (1) promptly notify in writing the Requesting Party and the Non-Party
19 that some or all of the information requested is subject to a confidentiality agreement
20 with a Non-Party;

21      (2) promptly provide the Non-Party with a copy of this Order , the
22 relevant discovery request(s), and a reasonably specific description of the information
23 requested; and

24      (3) make the information requested available for inspection by the Non-
25 Party, if requested.

26      (c) If the Non-Party fails to seek a protective order from this court within 14
27 days of receiving the notice and accompanying information, the Receiving Party may
28 produce the Non-Party's confidential information responsive to the discovery request.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

10

[PROPOSED] STIPULATED PROTECTIVE ORDER

1    If the Non-Party timely seeks a protective order, the Receiving Party shall not produce
2    any information in its possession or control that is subject to the confidentiality
3    agreement with the Non-Party shall bear the burden and expense of seeking protection
4    in this court of its Protected Material.

5    10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

6          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
7    Protected Material to any person or in any circumstance not authorized under this
8    Order, the Receiving Party must immediately (a) notify in writing the Designating
9    Party of the unauthorized disclosure, (b) use its best efforts to retrieve all unauthorized
10   copies of the Protected Material, (c) inform the person or persons to whom
11   unauthorized disclosures were made of all the terms of this Order, and (d) request
12   such person or persons to execute the "Acknowledgment and Agreement to Be
13   Bound" that is attached hereto as Exhibit A.

14   11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
15          PROTECTED MATERIAL

16         When a Producing Party gives notice to Receiving Parties that certain
17   inadvertently produced material is subject to a claim of privilege or other protection,
18   the obligations of the Receiving Parties are those set forth in Federal Rule of Civil
19   Procedure 26(b)(5)(B).

20   12.    MISCELLANEOUS

21         12.1 Right to Further Relief.  Nothing in this Order abridges the right of any
22   person to seek its modification by the Court in the future.

23         12.2 Right to Assert Other Objections.  By stipulating to the entry of this Order,
24   no Party waives any right it otherwise would have to object to disclosing or producing
25   any information or item on any ground not addressed in this Order.  Similarly, no
26   Party waives any right to object on any grounds to use in evidence of any of the
27   material covered by this Order.

28         12.3 Filing Protected Material.  A Party that seeks to file under seal any

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

11

[PROPOSED] STIPULATED PROTECTIVE ORDER

1   Protected Material must comply with Local Civil Rule 79-5.

2   13.   <u>FINAL DISPOSITION</u>

3       After the final disposition of this Action, the parties shall continue to comply
4   with the protections afforded to Protected Material by this Order.  Counsel are entitled
5   to retain an archival copy of all pleadings, motion papers, trial, depositions, and
6   hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits,
7   expert reports, attorney work product, and consultant and expert work product, even
8   if such materials contain Protected Material, and each Receiving Party is entitled to
9   retain an archival copy of materials containing Protected Material to the extent
10  required to do so by the law or regulation or where the material cannot due to technical
11  reasons be deleted (e.g., from an electronic claim file) without incurring substantial
12  time or expense.  Any such archival copies that contain or constitute Protected
13  Material remain subject to this Protective Order as set forth in Section 4.

14  14.   <u>VIOLATIONS</u>

15      Any violation of this Order may be punished by appropriate measures
16  including, without limitation, contempt proceedings and monetary sanctions.

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1 | IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

2

3 | Dated: May 22, 2020                    McCORMICK, BARSTOW, SHEPPARD,
                                                    WAYTE & CARRUTH LLP
4

5                                          By:    /s/ James P. Wagoner
6                                                    James P. Wagoner
                                                     Lejf E. Knutson
7                                                    Patrick D Hale
8                                          Attorneys for Defendant, GEICO GENERAL
                                                     INSURANCE COMPANY
9

10 | Dated: May 22, 2020                   SHEPPARD, MULLIN, RICHTER &
                                                    HAMPTON LLP
11

12                                         By:    /s/ John T. Brooks
13                                                   John T. Brooks
                                                     Thomas R. Proctor
14                                         Attorneys for Defendant, GEICO GENERAL
                                                     INSURANCE COMPANY
15

16 | Dated: May 22, 2020                   GORDON & REES, SCULLY,
17                                                  MANSUKHANI

18

19                                         By:    /s/ David C. Capell
20                                                   David C. Capell
                                           Attorneys for Plaintiff, CAPITOL SPECIALTY
21                                                   INSURANCE CORPORATION

22

23 | **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED**

24

25 | Dated: May _22_, 2020                 /S/ CHARLES F. EICK
                                           Hon. ~~Ronald S.W. Lew~~ Charles F. Eick
26                                         ~~United States District Judge~~
27                                         **United States Magistrate Judge**

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7547 NORTH FRESNO STREET
FRESNO, CA 93720

[PROPOSED] STIPULATED PROTECTIVE ORDER

## EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____, of _____,

declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ 2020 in the case of CAPITOL SPECIALTY INSURANCE CORPORATION v. GEICO GENERAL INSURANCE COMPANY, and DOES 1-5, case no.: 2:20-cv-00672.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any persons or entity except in strict compliance with the provisions of this Order.  I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ of _____ as my California agent for service of process in connection with this action or any proceeding related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

[PROPOSED] STIPULATED PROTECTIVE ORDER

## PROOF OF SERVICE

*Capitol Specialty Insurance Corporation v. Geico General Insurance Company*
2:20-cv-00672

## STATE OF CALIFORNIA, COUNTY OF FRESNO

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California.  My business address is 7647 North Fresno Street, Fresno, CA 93720.

On May 22, 2020, I served true copies of the following document(s) described as **[PROPOSED] STIPULATED PROTECTIVE ORDER** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 22, 2020, at Fresno, California.

/s/ Marisela Taylor
Marisela Taylor

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

15

[PROPOSED] STIPULATED PROTECTIVE ORDER

1

2

**SERVICE LIST**
*Capitol Specialty Insurance Corporation v. Geico General Insurance Company*
2:20-cv-00672

3
David C. Capell
Lyndy Chang Stewart

4
Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000

5
San Francisco, CA  94111
Phone:  (415) 986-5900

6
Email:  dcapell@grsm.com
Email:  lstewart@grsm.com

7

*Attorneys for Plaintiff Capitol Specialty Insurance Corporation*

8
John T. Brooks
Thomas R. Proctor

9
Sheppard Mullin Richter and Hampton LLP
501 West Broadway 19th Floor

10
San Diego, CA  92101
Phone:  (619) 338-6537

11
Email:  jbrooks@sheppardmullin.com
Email:  tproctor@sheappardmullin.com

*Attorneys for Defendant Geico General Insurance Company*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

16

[PROPOSED] STIPULATED PROTECTIVE ORDER